# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| THE FOUNDATION FOR GOVERNMENT ACCOUNTABILITY,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>*Defendant.* | Case No. |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. Plaintiff the Foundation for Government Accountability ("FGA") brings this action against Defendant the U.S. Department of Justice ("DOJ") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Specifically, FGA requests that the Court order DOJ to formally respond to FGA's long-pending FOIA requests and subsequently produce to FGA all responsive documents that it unlawfully failed to produce.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201(a), 2202.

3. Venue is proper because FGA resides in this district. 5 U.S.C. § 552(a)(4)(b); 28 U.S.C. §1391(e)(1).

## PARTIES

4. Plaintiff FGA is a non-partisan, non-profit organization that helps millions achieve the American dream by improving welfare, work, health care, and election integrity policy in the states and in Washington, D.C. FGA is headquartered in Naples, Florida.

5. Defendant DOJ is an "agency" of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOJ is in possession, custody, and control of the records responsive to FGA's requests.

## STATUTORY FRAMEWORK

6. Under FOIA, federal agencies must release requested records to the public unless one or more specific statutory exemptions apply. 5 U.S.C. § 552(a)(3).

7. FOIA requires an agency to respond "within 20 [working] days . . . after the receipt of any such request," notifying the requester of the agency's "determination" whether or not to comply with the request, the reasons therefor, and the right to appeal any adverse determination to the head of the agency. *Id.* § 552(a)(6)(A)(i).

8. This 20-working-day requirement mandates "more than just an initial statement that the agency will generally comply with a request and will produce non-exempt documents and claim exemptions in the future." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

Rather, the agency must at least "gather and review the documents" and then specifically "determine and communicate the scope of the documents it intends to produce and withhold." *Id.*

9. Although FOIA provides that under "unusual circumstances," an agency may request an additional 10 days to make a determination, the agency must do so by "timely written notice" that "set[s] forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(4)(A)(viii)(II)(aa), (a)(6)(B)(i).

10. Courts have jurisdiction to "order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B). Ordinarily, a FOIA requester must exhaust administrative appeal prior to seeking judicial remedy. However, the requester is "deemed to have exhausted administrative remedies" if the agency violates the 20-day time limit. *Id.* § 552(a)(6)(C)(i).

11. The agency "may not assess any search fees" if it fails to comply with the 20-work-day time limit. *Id.* § 552(a)(4)(A)(viii) (I), (II)(aa).

12. FOIA also allows the court to assess "reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." *Id.* § 552(a)(4)(E).

## FACTUAL ALLEGATIONS

13. On March 7, 2021, President Joseph R. Biden signed Executive Order 14019 ("EO 14019"), 86 Fed. Reg. 13,623.

14. EO 14019 orders *all* federal agencies to submit a strategic plan within 200 days of the order detailing how the agency will help increase voter registration and voter participation. EO 14019, § 3(b). For example, the President urged federal agencies to take over voter registrations by acting as requesting States' designated voter registration agency. *Id.* § 4.

15. The legality of EO 14019 and the executive expansion of federal interference with the administration of elections—primarily a function reserved to the States and, in some circumstances, Congress—is dubious. *See* U.S. Const. art. I, § 4; *Bellitto v. Snipes*, 935 F.3d 1192, 1198 (11th Cir. 2019) ("[T]he United States Constitution vests in the states the authority to regulate federal elections but reserves to Congress the prerogatives to alter a state's procedure.").

16. Many members of Congress found it "most troubling" that EO 14019 was "nearly identical to a federal election takeover plan crafted by the radical left-leaning group known as Demos," which "also called for the weaponization of the DOJ . . . in the way of attempts to federalize elections." Letter from Rep. Ted Budd *et al.* to Shalanda Young, Acting Director, Office of Management and Budget 1 (Jan. 19, 2022) (Ex. A); *see also* Demos, *Policy*

4

*Briefs*: *Executive Action to Advance Democracy* (Dec. 3, 2020), https://bit.ly/3jxhVgE.

17. On July 30, 2021, FGA submitted its FOIA requests to DOJ, requesting the production of documents containing the following information, *see* FGA's FOIA Request 1 (Confirmation ID 242341) (Ex. B):

  a. DOJ's "strategic plan developed pursuant to [EO 14019] outlining ways [the DOJ] identified . . . to promote voter registration and voter participation, as directed by EO 14019."

  b. "[A] copy of the written explanation for the decision provided by the head of [the] agency to President Biden, as directed by EO 14019" if DOJ "declined to consent to a request by a State to be designated as a voter registration agency pursuant to section 7(a)(3)(B)(ii) of the National Voter Registration Act."

  c. "[A]ny formal notifications provided to any State in which [DOJ] provides services notifying the State that [DOJ] would agree to designation as a voter registration agency pursuant to section 7(a)(3)(B)(ii) of the National Voter Registration Act."

  d. "[A]ll communications with the White House related to Executive Order 14019 and/or the strategic plan requested through EO 14019," including "any and all communications with the Vice

      President's Office and staff, as well as with Domestic Policy Advisor Susan Rice and her staff related to EO 14019."

    e. "[A]ll communication between [DOJ] and the non-profit organization Demos and/or any of its employees or officers or the 501(c)(4) organization associated with Demos, known as 'Demos Action,' related to EO 14019," including "the dates, time, and purpose of any meeting(s), in-person or remote, that [DOJ] conducted with Demos, Demos Action, or any of its employees or officers."

18.   DOJ failed to notify FGA of its "determination" within 20 working days, and failed to request an additional 10 days based on unusual circumstances.

19.   After months without any action on its long-pending request, on March 23, 2022, FGA emailed DOJ's FOIA unit to inquire about the status of the requested documents. An employee of DOJ's FOIA unit, April N. Freeman, replied stating that she "referred [FGA's] request to the Voting Section and the Office of the Assistant Attorney General." Although Ms. Freeman noted that a search was being conducted, she was "unable to provide an estimate of completion." Email from April N. Freeman to Stewart Whitson (March 25, 2022) (Ex. C).

20. Neither Ms. Freeman nor the offices of DOJ mentioned by Ms. Freeman notified FGA regarding whether DOJ will comply with FGA's requests.

21. To date, DOJ has not attempted to discuss with FGA how and whether FGA could limit the scope of any of its FOIA requests. And to date, DOJ has neither produced any responsive documents nor invoked any FOIA exemption as a basis for withholding the requested documents.

## CLAIMS FOR RELIEF

### COUNT I
### Failure to Comply with FOIA
### 5 U.S.C. § 552

22. FGA repeats and re-alleges the allegations in the foregoing paragraphs as if set forth fully herein.

23. FGA properly requested records within the possession, custody, and control of DOJ.

24. DOJ was required under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to FGA's FOIA requests.

25. DOJ failed to make and communicate the "determination" as to each of FGA's requests to FGA within 20 working days.

26. FGA has constructively exhausted administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

27. Under 5 U.S.C. § 552(a)(3)(A), DOJ was required to promptly produce all responsive records that are subject to disclosure under FOIA.

28. DOJ failed to produce the records responsive to FGA's FOIA requests.

29. FGA is entitled to an order compelling DOJ to conduct reasonable searches sufficient to locate responsive records and to promptly produce all responsive records.

30. To the extent that DOJ seeks to invoke any of the applicable FOIA exemptions, FGA is entitled to an order compelling the DOJ to produce sufficiently detailed indexes justifying any attempted withholding of responsive records.

## COUNT II
### Preclusion of Assessment of Fees
### 5 U.S.C. § 552

31. FGA repeats and re-alleges the allegations in the preceding paragraphs as if set forth fully herein.

32. FGA is a non-profit organization that seeks the requested records for a scholarly purpose and not for a commercial use.

33. DOJ failed to comply with the time limits under 5 U.S.C. § 552(a)(6).

34. DOJ failed to provide timely written notice to FGA of any unusual circumstances.

35. FGA is entitled to a declaration that DOJ may not assess any search fees associated with FGA's FOIA requests, pursuant to 5 U.S.C. § 552(a)(4)(A)(viii).

## PRAYER FOR RELIEF

**WHEREFORE**, FGA asks this Court to enter judgment in its favor and to provide the following relief:

(1) An order compelling DOJ to expeditiously conduct a reasonable search for all records responsive to FGA's FOIA requests and to demonstrate that it employed search methods reasonably likely to lead to the discovery of responsive records;

(2) An order compelling DOJ to produce within twenty (20) days or such other times the Court deems proper all records responsive to FGA's FOIA requests that are subject to disclosure under FOIA and/or any indexes to the extent that the DOJ seeks to invoke any FOIA exemptions;

(3) A judgment declaring that DOJ failed to comply with the time limits under 5 U.S.C. § 552(a)(6) and that search fees may not be assessed under § 552(a)(4)(viii);

(4) Attorney's fees and costs incurred in relation to this case, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) All other relief to which Plaintiffs are entitled that the Court deems just and proper.

Dated: April 20, 2022

                                            Respectfully Submitted,

                                            /s/ *Daniel Shapiro*
                                            Jeffrey M. Harris*
                                            Frank H. Chang*
                                            Daniel Shapiro (Florida Bar #1011108)
                                            CONSOVOY MCCARTHY PLLC
                                            1600 Wilson Blvd., Suite 700
                                            Arlington, VA 22209
                                            (703) 243-9423
                                            jeff@consovoymccarthy.com
                                            frank@consovoymccarthy.com
                                            daniel@consovoymccarthy.com

                                            *Attorneys for Plaintiff*
                                            *The Foundation for Government*
                                            *Accountability*

                                            **Pro hac vice motions forthcoming*